UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVIN S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C23-6182-BAT

**ORDER AFFIRMING AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the ALJ's decision finding him not disabled before February 2021.[1] Plaintiff contends the ALJ misevaluated the medical opinion evidence, his testimony, and lay witness statements. Dkt. 16. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff applied for benefits in May 2018, alleging disability as of December 2016. Tr. 15-16. After conducting a hearing in January 2020, Tr. 48-88, the ALJ issued a decision finding Plaintiff not disabled. Tr. 12-37. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed the Commissioner's final decision to this Court. Tr. 1-6. In December 2021, this Court reversed the ALJ's decision and remanded the case for further proceedings. Tr.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 5.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

1566-85. In June 2023, the ALJ conducted a new hearing, Tr. 1437-70, and issued a decision finding Plaintiff became disabled in February 2021, but was not disabled before that date. Tr. 1304-33. Plaintiff now appeals this final decision. Dkt. 8.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A. The ALJ Did Not Harmfully Err at Step Two

Plaintiff contends the ALJ erred at step two by failing to find PTSD, major depressive disorder, personality disorder, and migraines are severe impairments. Dkt. 16 at 8, 11. The Commissioner argues the Court should reject the argument because the ALJ's step two findings are supported by substantial evidence and free of harmful error. Dkt. 18 at 2-5.

At step two, Plaintiff has the burden to show (1) he has a medically determinable impairment, and (2) the impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The step two inquiry is a "*de minimis* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is "not severe" if the evidence establishes the impairment is a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Id.* An ALJ's error in finding a claimant's impairment not severe at

step two is harmless if the ALJ considers the resulting limitations later in the process. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 683–84 (9th Cir. 2005).

Here, the ALJ considered the evidence regarding Plaintiff's mental impairments in determining the RFC. Tr. 1311-16. Plaintiff's argument does advance a single functional limitation the ALJ failed to consider in the sequential analysis. Accordingly, even if the ALJ erred at step two, that error would have been harmless. *Lewis*, 498 F.3d at 911.

**B. Medical Opinion Evidence**

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ failed to properly evaluate the medical evidence. Dkt. 16 at 3-11. The Commissioner contends the ALJ's evaluation of the persuasiveness of the medical opinions, is both reasonable and supported by substantial evidence. Dkt. 18 at 8-12.

   1. Brent Packer, M.D., and Pamil Sidhu, M.D.

In June 2016 and in October 2020, Dr. Packer opined Plaintiff was limited to sedentary work, markedly limited in postural restrictions and gross or fine motor skills, and moderately limited in his ability to follow a schedule, maintain regular attendance, and be punctual within normal tolerances. Tr. 642-45, 2115-18. In April 2018, Dr. Sidhu assessed similar limitations, also noting moderate limitations in performing tasks without supervision and making simple work-related decisions. Tr. 666-68.

1    The ALJ found these opinions unpersuasive, citing inconsistencies with the overall
2    record. Tr. 1315. The ALJ pointed out Plaintiff's daily activities, and the fact Plaintiff was no
3    longer taking the opiates referenced by the opinions, contradicted the doctors' assessments. *Id.*
4    Further, the ALJ noted the opinions relied on records from outside the relevant period. *See*
5    *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("Medical
6    opinions that predate the alleged onset of disability are of limited relevance.").

7    Plaintiff raises two arguments challenging the ALJ's decision. Dkt. 16 at 3-9. First,
8    Plaintiff argues the ALJ's inconsistency findings lack substantial evidence. *Id.* at 4. To this point,
9    Plaintiff spends four pages summarizing clinical findings before asserting the summarized
10   evidence is consistent with the doctors' opinions and undermines the ALJ's decision. *Id.* at 4-8.
11   Plaintiff's summary of clinical findings, without any supporting analysis or reference to case
12   law, does not establish harmful error. *See Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir.
13   Oct. 12, 2022). The Ninth Circuit recognizes that "ALJs are, at some level, capable of
14   independently reviewing and forming conclusions about medical evidence to discharge their
15   statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*,
16   53 F.4th 485, 488 (9th Cir. 2022). Bare assertions and lists of facts, without analysis, do not meet
17   the requirement that Plaintiff articulate her contentions and reasons with specificity. *Sekiya v.*
18   *Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). To preserve an issue, a party must present
19   contentions, along with reasons; "a bare assertion of an issue does not preserve a claim." *Indep.*
20   *Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

21   Second, Plaintiff contends that none of the activities cited by the ALJ contradict the
22   doctors' opinions. Dkt. 16 at 8-9. The ALJ noted Plaintiff's activities – including working at
23   Lowe's, lifting heavy items, climbing up and down a ladder, working on a car, and engaging in

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 4

home remodeling – were inconsistent with limiting him to less than sedentary or sedentary work. Tr. 1315. While Plaintiff challenges the ALJ's reference to his work at Lowe's, he relies on the same record cited by the ALJ, which includes evidence of Plaintiff's activities. Tr. 496 ("Patient reports he just got done with an all night job at Lowe's going up/down a ladder and lifting a lot."). Even assuming the evidence is susceptible to multiple interpretations, the Court cannot say the ALJ's interpretation is unreasonable or irrational. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of activities had more than one rational interpretation); *see also Molina*, 674 F.3d at 1112-1113 (activities suggesting difficulty in functioning may still discredit claims of total debilitation). Moreover, any potential error related to Plaintiff's work at Lowe's would be harmless because the ALJ's other reasons (opinions relying on pre-relevant evidence, improvement with medication, work on cars, and home remodeling) are supported by substantial evidence. *See Carmickle*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

In sum, the ALJ discussed the doctors' opinions and provided legitimate reasons supported by substantial evidence to discount the limitations they assessed. The ALJ noted the doctors' relied on outdated evidence, that Plaintiff was no longer using the opiates referenced in the opinions, and that his activities were inconsistent with less than sedentary or sedentary work. The ALJ's rationale is reasonable and supported by substantial evidence. *Thomas*, 278 F.3d at 954. The Court accordingly affirms the ALJ's determinations of these doctors' opinions.

    *2. Greg Saue, M.D., and Norman Staley, M.D.*

Plaintiff argues the ALJ erred by failing to accept Drs. Saue's and Staley's opinions that he "would need to change positions several times an hour due to hip pain exacerbated by sitting." Dkt. 16 at 9 (citing Tr. 143, 183). This argument fails because the Commissioner is responsible

for translating clinical findings into a succinct RFC. *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (RFC sufficiently tracked persuasive opinion even though it did not incorporate it in full). Further, while Plaintiff argues the record is "fully consistent" with the opinions, the record paints a different picture. Dkt. 16 at 9. The ALJ determined there was no evidence that Plaintiff required a cane before February 2021, despite Plaintiff's claim he used a cane "99 percent of the time." Tr. 1315. The ALJ also noted Plaintiff's work at Lowe's undermined the severity alleged by the opinions. Tr. 1314-15. Plaintiff does not address the ALJ's reasoning in this regard. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's determination). Even assuming Plaintiff's view of the evidence is reasonable, the Court cannot say that the ALJ's evaluation is unreasonable or unsupported. *Thomas*, 278 F.3d at 954. The Court thus affirms the ALJ's decision on this matter.

        3.  *Amy Ford, Psy.D.*

Plaintiff contends the ALJ erred by not accepting Dr. Ford's opinions. Dkt. 16 at 9-11. He argues Dr. Ford's opinion is supported by a treatment note describing him as depressed, and a medical opinion assessing limitations with concentration, interaction, and adaptation. Dkt. 16 at 10-11. This argument does not undermine the ALJ's conclusion that Dr. Ford's opinion is inconsistent with the longitudinal record. Tr. 1316; *see Woods*, 32 F.4th at 793 n.4 (even if an opinion is supported, an ALJ may find it unpersuasive because it is inconsistent). For instance, contrary to Dr. Ford's opinion that Plaintiff would be unable to adapt, the ALJ noted Plaintiff was routinely observed as alert and oriented, with normal mood and affect. Tr. 1315 (citing Tr. 473, 571, 585, 1233, 1236, 1960, 2344). An ALJ may reject a medical opinion that is

1  contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th

2  Cir. 2020).

3  Although Plaintiff argues the ALJ erred by relying on evidence that did not include a

4  mental status examination from a mental health provider, Dkt. 16 at 10, the Ninth Circuit has

5  clarified that primary care providers can offer opinions as to both physical and mental

6  limitations. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), as amended (Apr. 9, 1996).

7  The ALJ's characterization of the mental status evidence was reasonable, and Plaintiff's request

8  for an alternative interpretation of the record does not establish harmful error in the ALJ's

9  decision. As such, the Court affirms the ALJ's decision. *Thomas*, 278 F.3d at 954.

10  **C. Plaintiff's Testimony**

11  The ALJ summarized Plaintiff's testimony and discounted them on the grounds

12  Plaintiff's testimony was inconsistent with the longitudinal record, including his activities,

13  improvement with treatment, and unremarkable clinical findings. Tr. 1313-16. The

14  Commissioner contends the ALJ's evaluation of Plaintiff's testimony is free of harmful error,

15  supported by substantial evidence, and should be affirmed. Dkt. 18 at 5-8.

16  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

17  discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see*

18  *also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which*

19  testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that

20  testimony."). The ALJ is not required to "believe every allegation of disabling pain," *Ahearn v.*

21  *Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

22  1989)), or to "perform a line-by-line exegesis" of Plaintiff's testimony. *Lambert v. Saul*, 980

23  F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 7

whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues the ALJ failed to give legally sufficient reasons to reject his testimony for three reasons. Dkt. 16 at 11-16. First, Plaintiff contends the ALJ failed to properly evaluate the medical evidence. *Id.* at 11. This argument is foreclosed because, as explained *supra*, the ALJ did not erroneously evaluate the objective medical evidence.

Second, Plaintiff argues the ALJ erroneously summarized evidence without explaining which testimony it undermined. Dkt. 16 at 12-13. In evaluating the ALJ's decision, the Court must look "to all the pages of the ALJ's decision," *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis original) and uphold the decision "if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121 (citation omitted). Here, the ALJ summarized Plaintiff's testimony, discussed the objective medical evidence, and determined Plaintiff's alleged limitations were inconsistent with the longitudinal record. Tr. 1313-14. This is thus not a case in which the ALJ erred because the Court need not guess at the ALJ's reasoning nor provide reasons not set forth in the ALJ's decision.

The ALJ found Plaintiff's testimony about his hip pain, radiating spine pain, and limited mobility was inconsistent with treatment notes that consistently noted Plaintiff had normal gait and full muscle strength in his upper and lower extremities. Tr. 637, 658, 1185, 1233, 1246, 2216. Despite alleging limited mobility and the need for an assistive device, the ALJ noted several reports that Plaintiff was able to ambulate without an assistive device. Tr. 585, 1248. Similarly, the ALJ highlighted that Plaintiff did not report any side effects from his medication and that his pain improved with treatment. Tr. 636-37, 1233, 1437-70, 1916-17. Evidence of improvement with treatment is a valid reason for the ALJ to find someone not disabled.

*Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Furthermore, the ALJ found Plaintiff's activities – preparing simple meals, doing household chores like sweeping, operating a motor vehicle, and performing work activities – inconsistent with his alleged limitations. Tr. 496, 500, 505, 1465-66, 1838-42. An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in claimant's statements about his daily activities, to reject the claimant's symptom testimony. *Farlow*, 53 F.4th at 489.

Third, Plaintiff spends several pages summarizing his testimony before asserting that the ALJ improperly rejected the summarized testimony and that a reasonable ALJ could have reached a different determination. Dkt. 16 at 13-16. This argument does not identify an error in the ALJ's decision. *Carmickle*, 533 F.3d at 1161 n.2 (noting the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief) (citation omitted); *see also Molina*, 674 F.3d at 1111 (burden of showing harmful error falls on the party attacking an agency's determination) (citation omitted). Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis original).

The record reflects the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony, and Plaintiff's conclusory disagreement with the ALJ's reasoning fails to show harmful error or engage with the explanations the ALJ provided. Even assuming the evidence is susceptible to more than one reasonable interpretation – the ALJ's and Plaintiff's – the Court is required to uphold the ALJ's decision. *Thomas*, 278 F.3d at 954.

**D.  Lay Witness Evidence**

Marilyn Meldrich, a social worker, observed Plaintiff had difficulty with breathing, concentrating, answering, and sitting. Tr. 323, 358, 378. The ALJ stated under the regulations, he

was not required to articulate how he considered evidence from nonmedical sources like Ms. Meldrich. Tr. 1316. Nevertheless, the ALJ noted he "carefully considered any third-party function reports and [gave] them some weight where they [were] consistent with the medical evidence." *Id.* Plaintiff argues the ALJ erred by not evaluating Ms. Meldrich's observations. Dkt. 16 at 16-17. The Commissioner contends the ALJ was not required to articulate reasons for rejecting evidence from a nonmedical source. Dkt. 18 at 12-13.

Under the applicable regulations, the ALJ is "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. § 416.920c(d). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See*, *e.g.*, *Muntz v. Kijakazi*, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022); *Weitman v. Kijakazi*, 2022 WL 17175060, at *4 n.4 (9th Cir. Nov. 23, 2022); *but see Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022); *Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. 2024).

Despite this, other relevant regulations indicate ALJ's must consider evidence from nonmedical sources when evaluating a claim of disability, which includes observations made by a claimant's family, neighbors, friends, or other persons. *See*, *e.g.*, 20 C.F.R. §§ 416.945(a)(1), 416.929(c)(3). The notion an ALJ can disregard relevant lay evidence without reason is inconsistent with the Commissioner's obligation to consider such evidence. The ALJ must provide some rationale to allow the Court to evaluate whether the decision is free of legal error and supported by substantial evidence. *See*, *e.g.*, *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, Ms. Meldrich's testimony is relevant evidence the ALJ considered and rejected on the grounds the medical record did not support a disability finding. The Court has already found

the ALJ did not err in evaluating several medical opinions, and Plaintiff's testimony, based upon this rationale. *See Molina*, 674 F.3d at 1117. Ms. Meldrich provided testimony similar to Plaintiff's testimony. Accordingly, the ALJ did not harmfully err because the same reasons the ALJ gave to reject Plaintiff's testimony would apply to Ms. Meldrich's testimony.

### E.  The ALJ Did Not Err in Assessing Plaintiff's RFC

Plaintiff argues the ALJ's RFC assessment fails to include all of the limitations assessed by the medical opinions, Plaintiff's testimony, and the lay witness evidence. Dkt. 16 at 17-18. This argument fails because as discussed above the ALJ properly evaluated the evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 20th day of June, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e